■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE LOUIS YOUNG, Appellant.— Judgment unanimously affirmed. Memorandum: In this appeal from a conviction for rape, first degree, and assault, second degree, defendant advances some arguments which are totally without merit and require no comment. The defendant's contention that the court erred in denying his oral motion for an identification hearing does present an issue which we should here consider. Defendant was identified in a lineup comprised of at least six males claimed to be similar in appearance to defendant, and at a time when defendant's counsel was present. The presence of counsel meets the essential requirement of *United States* v. *Wade* (388 U. S. 218), *Gilbert* v. *California* (388 U. S. 263) and *Stovall* v. *Denno* (388 U. S. 293), upon which decisions defendant relies. The record clearly shows that the complainant had more than enough time to become aware of defendant's identifying characteristics in the one half hour meeting she had with him within two weeks prior to the attack and the nearly one hour she was with defendant at the time of the incident. The People presented clear and convincing proof that the in-court identification was based upon the complainant's observations of defendant without any dependency on the lineup identification. It was adequately demonstrated that complainant was "able to make an in-court identification of him even if there had been no police station show-up" (*People* v. *Ballott*, 20 N Y 2d 600, 606; cf. *People* v. *Brown*, 20 N Y 2d 238). (Appeal from judgment of Supreme Court, Onondaga County, convicting defendant of assault, second degree, and rape, first degree.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Bastow, JJ.